**CHROMA LIGHTING, a California corporation; and Charles T. Von Der Ahe, an individual, Plaintiffs–Appellees,**

v.

**GTE PRODUCTS CORPORATION, a Delaware corporation, et al., Defendants,**

**Sylvania Lighting Services Corporation, a Delaware corporation, Defendant–Appellant.**

**No. 94–55581.**

United States Court of Appeals, Ninth Circuit.

Oct. 15, 1997.

Before: BROWNING, NORRIS and REINHARDT, Circuit Judges.

**ORDER**

On June 5, 1997, plaintiffs-appellees Chroma Lighting and Charles T. Von Der Ahe ("Chroma") filed a motion for attorneys' fees totaling $ 214,511.00 as prevailing parties in an antitrust case. *See* 15 U.S.C. § 15. On August 5, 1997, we called for a response to the motion. In their response, appellant argues that Chroma failed to comply with Ninth Circuit Rules 28–2.3 and 39–1.6, which require that a party seeking attorneys' fees on appeal include a statement to that effect in its opening brief, and so, is not eligible for attorneys' fees.

The requirement that parties notify the court of their intention to seek attorneys' fees in their opening brief was abrogated as of July 1, 1997. *See* 9th Cir. R. 39–1.6 (July 1, 1997).[1] This rule change effectively overrules *Forrett v. Richardson*, 112 F.3d 416 (9th Cir.1997), and applies to all pending cases. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 543, 111 S.Ct. 2439, 2447, 115 L.Ed.2d 481 (1991).

Accordingly, Chroma's motion for attorneys' fees is granted. This matter is transferred to the district court for further proceedings. 9th Cir. R. 39–1.8.

---

**1.** In the July 1, 1997 version of this court's rules, this requirement was removed from Circuit Rule 39–1.6. To the extent that this requirement still appears as part of Circuit Rule 28–2.3, it is inadvertent and will be corrected promptly.