Kelly LITTLE, an individual and as Guardian Ad Litem for Tylonn Little and Furmonie Little, minors; Ellen Little, an individual, Plaintiffs–Appellants,

v.

CITY OF MANHATTAN BEACH; Karl Nilsson, Officer; and Gus Valdes, Officer, Defendants–Appellees.

No. 00–55503.

D.C. No. CV–98–10500–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 12, 2001.

Decided Oct. 19, 2001.

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM[1]

Appellants, the widow, mother, and minor children of decedent Furman Little ("Little"), appeal the district court's grant of summary judgment in this 42 U.S.C. § 1983 action and the dismissal without prejudice of their state wrongful death claim. Appellants contend that the shooting and killing of Furman Little by Officers Karl Nilsson and Gus Valdes violated their Fourth and Fourteenth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

■ Preliminarily, we address the question of standing. Although the district court relied upon this court's holding in *Byrd v. Guess,* 137 F.3d 1126 (9th Cir. 1998), to find that Little's surviving spouse and children lacked standing to assert his Fourth Amendment rights, *Byrd* itself relied upon a prior version of the state law, which did not permit survival actions. Because California Civil Procedure Code § 377.60 (effective May 23, 1997) authorizes such actions, decedent's wife and children have standing to assert Little's Fourth Amendment rights. *See Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 369 (9th Cir.1998). Decedent's mother, however, does not have standing to assert his Fourth Amendment rights because she has failed to meet her statutory burden of demonstrating that she was dependent on Little. Cal.Civ.Proc.Code § 377.60(b); *see Moreland,* 159 F.3d at 369. All appellants have standing to sue under the Fourteenth Amendment. *See Moreland,* 159 F.3d at 371.

■ Nonetheless, the Fourth Amendment claim does not survive summary judgment because the undisputed facts show that the officers reasonably believed it was necessary to use deadly force to prevent Little's escape, had probable cause to believe Little posed a threat of serious harm to the officers or the community, and gave warning before firing. *See Forrett v. Richardson,* 112 F.3d 416, 419 (9th Cir. 1997), *overruled on other grounds by Chroma Lighting v. GTE Products Corp.,* 127 F.3d 1136 (9th Cir.1997); *Tennessee v.*

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Garner*, 471 U.S. 1, 11–12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). The "decision to use deadly force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Forrett*, 112 F.3d at 420.

Officers Nilsson and Valdes responded to a police broadcast reporting an armed robbery by two men with a gun. After they spotted a car matching the description with two front seat occupants, the car sped away with the officers in pursuit. The car eventually jumped a curb and stopped. Four men ran from the car. Officer Valdes first pursued the two men who ran eastbound, then joined Officer Nilsson in chasing the two southbound suspects, which included Little. Little was shot in the back and killed.

The officers reasonably believed that it was necessary to use deadly force to prevent Little from escaping because they could not have known whether he would otherwise be captured. *See id.* There was no evidence that they were aware of facts suggesting reinforcements had blocked off all possible escape routes.

Because the officers could not have known which two men were the armed robbers, or which of the men were armed, they had probable cause to believe that Little had committed the crime and posed a serious danger to themselves and to the surrounding residential neighborhood. Even if they had known Little was unarmed, the robbers had allegedly beaten, kicked, and maced their victim, so Little did not need a gun to pose a threat of serious harm to them or others. *See Forrett*, 112 F.3d at 420.

Because appellants did not offer any evidence to contradict Officer Nilsson's testimony that he shouted a warning before shooting at Little, the district court did not err in concluding that there is no triable issue of fact as to the giving of a warning.

Nor did the district court err in granting summary judgment on the substantive due process claim. Because Appellants cannot show the officers' conduct was objectively unreasonable under the Fourth Amendment standard, they cannot meet the higher standard of "conscience-shocking" under the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1710, 140 L.Ed.2d 1043 (1998).

The district court correctly determined that the officers were entitled to qualified immunity for their actions because there was no constitutional violation. *See Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001) (holding that the "threshold question" in determining qualified immunity is whether the officers' conduct violated a constitutional right).

Having properly granted summary judgment against Appellants on their § 1983 federal cause of action, the district court was within its discretion under 28 U.S.C.A. § 1367(c)(3) to decline to exercise supplemental jurisdiction over the remaining state claim. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir.2001) (decision whether to retain jurisdiction over supplemental claims is reviewed for an abuse of discretion).

AFFIRMED in part and REVERSED in part.